IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARQUIS RAMEY** | : | CIVIL ACTION |
| *Plaintiff pro se* | : | |
| | : | |
| v. | : | NO. 23-CV-5089 |
| | : | |
| **LAW OFFICES OF** | : | |
| **WILLIAM DAVIS, JR. L.L.C.,** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA QUIÑONES ALEJANDRO, J.                                                                                     FEBRUARY 6, 2024

Plaintiff Marquis Ramey, a convicted prisoner currently incarcerated at SCI Benner Township, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983 raising claims against the Law Offices of William Davis, Jr. L.L.C.  Ramey seeks leave to proceed *in forma pauperis*.  For the reasons set forth, the Court will grant Ramey leave to proceed *in forma pauperis* and will dismiss the Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

I.       **FACTUAL ALLEGATIONS**[1]

The public docket for Ramey's underlying state court criminal proceedings reflects that on August 18, 2014, Ramey was convicted of various criminal conspiracy charges as well as receiving stolen property, loitering and prowling at night, and possession of a prohibited firearm without a license and with intent.  *See Commonwealth v. Ramey*, No. CP-23-CR-0001422-2013 (C.P. Delaware).  William Davis, Jr. ("Attorney Davis" or "Davis") served as Ramey's criminal defense

---

[1]     The following allegations are taken from the Complaint (ECF No. 1) and public records of which the Court may take judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim).  The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

attorney during this criminal proceeding. (*Id.*) On November 12, 2014, Ramey was sentenced to an aggregate term of imprisonment of 9 to 20 years. (*Id.*; *see also* Compl. at 2.) On behalf of Ramey, Attorney Davis filed a direct appeal on December 10, 2014, but the Pennsylvania Superior Court affirmed Ramey's conviction on September 22, 2016. *See Ramey*, No. CP-23-CR-0001422-2013. Ramey later filed a motion for post-conviction relief that was dismissed as meritless on February 26, 2018. (*Id.*)

Instantly, Ramey asserts that Davis, "while acting in his capacity as an attorney in the County of Delaware," deprived him of his liberty to a "fair and impartial trial and appeal" thereby violating his rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. (Compl. at 1.) Ramey alleges that his criminal sentence was "unlawful" and that Davis "allowed the sentencing judge to give [him] this sentence without any rebuttal." (*Id.* at 2.) Ramey also avers that "when it came time for appeal, [Davis] ignored all of the facts" and failed to argue that Ramey's sentence was unlawful in his briefs to the Pennsylvania Superior Court. (*Id.*) Based on the alleged violation of his constitutional rights in connection with his criminal proceeding, Ramey brings claims pursuant to 42 U.S.C. § 1983. (*Id.* at 2.) Ramey seeks compensatory damages in the amount of $1,500,000 and punitive damages in the amount of $3,500,000. (*Id.*)

## II.   STANDARD OF REVIEW

The Court grants Ramey leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

---

[2]   However, as Ramey is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Ramey is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.    DISCUSSION**

Ramey seeks money damages based on constitutional claims. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Ramey's civil rights claims against Attorney Davis for his role as counsel in Ramey's state criminal case are not plausible because an attorney performing traditional functions, whether privately retained or court-appointed, is not a state actor for purposes of § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal

proceeding.") (footnote omitted); *Dorn v. Aguilar*, 645 F. App'x 114, 115 (3d Cir. 2016) (*per curiam*) ("As explained by the District Court, Dorn did not state a claim for relief against his public defender and the public defender's office because neither is a state actor for purposes of § 1983."); *see also Gannaway v. PrimeCare Med., Inc*, 652 F. App'x 91, 95 (3d Cir. 2016) (*per curiam*) ("We also conclude that the District Court properly granted summary judgment to the defendants on Gannaway's claims against the Berks County Public Defender's Office and the appointed lawyers who represented him in criminal proceedings" (citing *Polk Cnty.*)); *see also Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."); *Beaver v. Union Cnty. Pa.*, 619 F. App'x 80, 83 (3d Cir. 2015) (*per curiam*) ("Beaver did not state a claim against either of the public defenders because they were not state actors for purposes of § 1983."); *Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a court-appointed attorney is not a state actor for purposes of § 1983); *Singh v. Freehold Police Dep't*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff['s] dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him."). "[B]efore private persons can be considered state actors for purposes of section 1983, the state must significantly contribute to the constitutional deprivation." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 278 (3d Cir. 1999) (quoting *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1266 (3d Cir. 1994)). Here, Ramey's allegations against Davis concerning the defense of his criminal cases do not allege action that is fairly attributable to the state. Thus, Ramey's claims against Attorney Davis and his law office are dismissed with prejudice. *See Webb*, 852 F. App'x at 660 (attorney who represented pretrial detainee in criminal proceedings and his law office are not state actors).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Ramey leave to proceed *in forma pauperis* and will dismiss his Complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Ramey will not be given leave to file an amended complaint because he cannot cure the defects in his claims. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). A dismissal Order will be entered separately. *See* Federal Rule of Civil Procedure 58(a).

*NITZA QUIÑONES ALEJANDRO, J.*